## BROWN v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided April 30, 1931

Tim Long, Cleveland, for Brown.
Ray T. Miller, Cleveland, for State.

SHERICK, PJ, LEMERT and MONTGOM-
ERY, JJ (5th Dist), sitting.

LEMERT, J.

It is a well settled rule of law that a witness may be impeached as to statements made material to the issue, which were made at a previous time and materially differ from a statement made at the trial of the case. We believe that it was error for the court to permit impeachment of this witness in the matter which the record discloses. The subject of this impeachment so sought was not in any way connected with the case on trial. That being true it was error for the court to permit the attempted impeachment on those points. We believe the court erred in permitting the asking and answering of the questions hereinbefore referred to, when the statement upon which these questions and answers were predicated was not made in the presence of the defendant. If this practice is to be followed as in this case, then any statement made by any witness which would not be admissible by reason of the fact that it was not made in the presence of the defendant could be given to a jury by attempting to impeach on wholly immaterial points.

No witness can be allowed to testify verbally as to what another said not in the presence of the defendant, not even to impeach, so when it is justifiable to allow a written statement so made to be used, first, for the impeachment of the witness about something said out of the defendant's presence, and secondly, to permit the statement to be introduced and go to the jury to be a silent witness against the defendant, we believe to be error prejudicial to the right of the defendant.

If the statement made in the written instrument heretofore referred to and permitted to be introduced in evidence, was admissible at all it would only have been so for the purposes of impeachment and the introduction of said statement and the allowing of it to go to the jury without the proper instruction as to the purpose and reason and as to why it was admitted by the court, and that it should only be considered in connection with the impeaching of that witness, and that it had no weight and was not to be used in evidence against defendant, and the failure of the court so to instruct the jury, and the admission of said statement, was error.

The record clearly shows that all questions and answers made up to the time that this written statement was permitted to be introduced in evidence, were wholly immaterial to the case. Therefore it is the finding and holding of this court that this judgment be and the same is hereby reversed for the reason that the court below erred in the admission of incompetent evidence and exhibits and for the further reason that the court below failed to instruct the jury properly as to the purpose for which said written statement was admitted.

*Judgment reversed and cause remanded*

to the Common Pleas Court for further proceedings according to law.

Exceptions may be noted.

SHERICK, PJ and MONTGOMERY, J, concur.